RECEIVED
USDC CLERK. CHARLESTON. SC

2006 JAN 23  P 2: 44

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Ronald Blanding,                     )  C/A No. 2:06-121-MBS-RSC
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )  Report and Recommendation
                                     )
State of South Carolina,             )
                                     )
                    Defendant.       )
                                     )
_____     )

This is a civil action filed *pro se* by a state prison inmate.[1] This case was opened

with a handwritten letter and attached pleading submitted by Plaintiff in an envelope

addressed to the Clerk of this Court. Even though Plaintiff refers to this Court's Clerk of

Court by name in the "certificate of service" or cover page and his envelope has this

Court's proper mailing address written on it, the motion that is attached to the "certificate

of service" has a caption showing "State of South Carolina in the County of Dorchester"

and "in the Court of Common Pleas" and lists "Case no. G448323 Docket No. 2001GS18-

0085." Furthermore, the body of the motion refers only to state law concerning discovery

matters, refers to "multiple attempts" to obtain discovery under a South Carolina state

procedural rule, and seeks an order requiring discovery of state grand jury records. There

is no reference to or discussion of federal law or procedural rules in the motion, nor is any

case number issued by this Court evident on any of Plaintiff's filings.

From the totality of circumstances, it appears that Plaintiff mailed a discovery motion

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

that he intended to file in a separate state court action in Dorchester County to this Court by mistake. However, if the motion was intended for consideration by this Court despite the improper caption and lack of federal law, there is no federal jurisdiction available under which this Court could grant the relief requested.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents:     Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.     *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).   Even under this less stringent

2

standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

As stated above, it appears that this case was filed in this Court by Plaintiff inadvertently, and that it should have been mailed to the Clerk of Courts for Dorchester County for filing rather than to this Court. As a result, this case should be summarily dismissed for failure to state a claim upon which relief may be granted so that Plaintiff can submit his motion to the proper court.

Moreover, to the extent that Plaintiff's pleadings could be liberally construed as a request that this Court order the Dorchester County Court of Common Pleas to grant discovery rights to Plaintiff, the relief requested indicates a case which is in the nature of a mandamus action. Circuit precedents teach that a writ of mandamus is a drastic remedy and that the writ of mandamus is infrequently used by federal courts. Its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. See 28 U.S.C. § 1361; Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. Generally, a federal court may not issue a writ of mandamus to a state court or state employee or official. See Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner). In Davis v. Lansing, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; see also Craigo v. Hey, 624 F. Supp. 414 (S.D. W.Va. 1985). In Craigo, the district court

3

concluded that the petition for a writ of mandamus seeking to compel action by a state officer was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See* Craigo, 624 F. Supp. at 414; *see also* Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479 (W.D. Pa. 1988); Robinson v. Illinois, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990). Accordingly, even if Plaintiff did intend to submit the mis-captioned motion to this Court, this Court lacks subject-matter jurisdiction over his claim. *See* Fed. R. Civ. P. 12(h)(3).

## Recommendation

Accordingly, it is recommended that the District Court dismiss this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville , 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

January 23, 2006
Charleston, South Carolina

4

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
